David L. Mazaroli
Attorney for Plaintiffs
250 Park Ave. – 7th Floor
New York, NY 10177
Tel. (212)267-8480 Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*

-----------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY; | : | ECF CASE |
| Garan, Inc., | | |
| Plaintiffs, | : | |
| - against - | : | |
| | | **COMPLAINT** |
| APEX LOGISTICS INTERNATIONAL INC.; | : | |
| APEX LOGISTICS INTERNATIONAL (JFK) | | |
| INC.; SETH SHIPPING (S) LTD.; SETH | : | |
| SHIPPING (MAURITIUS) LTD., PIONEER | | |
| TRANSPORT, INC.; M/V "OEL SHASTA", | : | |
| M/V "AGIOS DIMITRIOS",  their engines, | | |
| tackles, boilers, etc.; *in rem* | : | |
| Defendants. | | |

-----------------------------------------------------------------x

Plaintiffs, through the undersigned attorney, allege as follows for their complaint against defendants upon information and belief:

**Jurisdiction and Nature of Action**

1.    This action arises from non-delivery, shortage and loss to part of a shipment of garments which is more fully described in the annexed Schedule A (hereinafter "the Shipment").

2.    The Shipment moved in whole or in part under bill of lading terms which contain or incorporate a Southern District of New York forum selection clause.

3.    This action includes admiralty and maritime claims within the meaning of Rule 9(h) Fed. R. Civ. P. with respect to the  carriage of the subject cargo by sea and

under the subject combined transport bills of lading, and  also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claims.

4.     Plaintiffs seek recovery for cargo nondelivery, shortage, and loss caused by defendants' breaches of contract and torts.

### The Parties

5.     Plaintiff Federal Insurance Co. Inc.   ("Federal" or "plaintiff") is a corporation with an office and place of business at 15 Mountainview Road, Warren, NJ 07059.

6.     Federal sues herein as subrogated insurer of the Shipment having paid the insurance claim of Garan, Inc. ("Garan"), a corporation with its principal place of business at 200 Madison Avenue, New York, New York 10016.

7.     Garan was at all material times the purchaser, owner, and intended consignee of the Shipment, the holder of the bills of lading,  and a Merchant as defined therein. This action is also brought for and on behalf of Garan to the extent of its $25,000.00 deductible interest in the claim in suit.

8.     Defendants Apex Logistics International Inc. and Apex Logistics International (JFK) Inc. (collectively "Apex") are believed to be corporations organized under the laws of certain of the fifty states with an office and place of business at 230-59 Rockaway Blvd., Suite 260, Springfield Gardens, NY 11413 and were at all material times engaged in the business of a  non-vessel operating common carrier of cargo for hire and the provision of services related thereto.

2

9.      Defendant Seth Shipping (S) Ltd., (hereinafter "Seth Shipping"), also known as Seth Shipping (Mauritius) Ltd.,   is believed to be an alien corporation  with an agent c/o Zim American Integrated Shipping Services Co., LLC, 111 Eighth Avenue, New York, NY 10011 and was at all material times engaged in the business of a vessel operating common carrier of cargo for hire and the provision of services related thereto.

10.      Defendant Pioneer Transport, Inc. ("Pioneer") is believed to be a corporation organized under the laws of one of the fifty states. Pioneer has a statutorily required designated agent for service of process in New York and maintains routes for motor carriage of cargo  within and through New York and at all material times was engaged in the business of interstate motor carriage of cargo for hire and the provision of services related thereto.

11.       This Court has jurisdiction over the defendants, who conduct business in the State of New York as common carriers of cargo of hire and providers of services related thereto, including with respect to cargo shipments moving to, from, and through New York and for and on behalf of entities domiciled in New York.

12.      Upon information and belief the captioned vessels are now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or are otherwise subject to jurisdiction pursuant to Rule 4(k) (2) Federal Rules of Civil Procedure.

**The Relevant Facts**

13.      This action involves nondelivery, shortage and loss  to a shipment of garments (7885 cartons of  bomber jackets and 358 cartons of fleece hoodies) described

in the annexed Schedule A and which was delivered to defendants Apex and/or Seth Shipping at or near Chittagong, Bangladesh, in breakbulk and uncontainerized form.

14.     The jackets in the Shipment were purchased by Garan under a letter of credit arrangement and were the subject of a fixed resale commitment to Garan's customer in the United States.

15.     The Shipment was full and complete as to quantity and weight and was in good order and condition when received into the custody of Apex, or entities acting on its behalf, at or near Chittagong, the Place of Receipt specified in the Apex bills of lading.

16.     Apex, and/or entities acting on its behalf, was responsible, *inter alia*, for loading the items in the Shipment into carrier-provided containers FCIU8637459 and FSCU8219801.

17.     Apex, and/or entities acting on its behalf, was also responsible for sealing and weighing the loaded containers and delivering them to the Chittagong port.

18.     Apex and Seth provided transportation and agreed to be responsible for the Shipment in consideration of agreed upon freight fees, and pursuant to Apex order bills of lading APSO18050002 and APSO18050021 dated on or about May 3, 2018 and Seth Shipping bill of lading SSPHCGP8321926 dated on or about May 9, 2018.

19.     The Apex Combined Transport Bills of Lading identify Chittagong as the Place of Receipt, Chittagong Sea Port as the Port of Loading, Savannah as the Port of Discharge, and Chickasaw, AL, USA as the Place of Delivery.

20.     The Apex bills of lading also specify that Pre-Carriage was to be performed by the M/V OEL SHASTA, voyage 2S, and the ocean vessel was to be the M/V AGIOS DIMITRIOS, voyage 2W.

21.     The Apex bills of lading, which refer to a letter of credit and contain representations as to  the nature of the cargo, and the quantity and weight thereof for each of the two containers, were stamped, *inter alia,*  "SHIPPED ON BOARD 03-May-2018" and "BANK RELEASE REQUIRED."

22.     At the Savannah port of discharge defendant Pioneer picked up each of the containers on or about June 5, 2018 for purposes of road carriage from the Savannah marine terminal to the intended place of delivery in Chickasaw, Alabama.

23.     Pioneer issued bills of lading 41124-1 and 41124-2, each described as a Uniform Straight Bill of Lading,  which contain representations as to the quantity and weight of the cargo in each of the two containers.

24.     In consideration for specified freight fees Pioneer contracted to provide transportation for, and to be responsible for,  the Shipment from the Savannah marine terminal to the intended place of delivery in Chickasaw, Alabama.

25.     When the containers  were delivered to Garan's designated warehouse the Shipment was neither full and complete as to quantity and weight  nor in good order and condition.

26.      Instead there was disarrangement of cargo inside the respective containers and a massive nondelivery, shortage and loss of 24,856 bomber jackets (2,182 cartons).

27.     The 24,856 bomber jackets missing from the Shipment have never been delivered to Garan and no explanation of the nondelivery, shortage and loss has been tendered any defendant.

28.     As a result of the aforesaid nondelivery, shortage and loss of 24,856 jackets from the Shipment, Garan suffered damages in the amount of $199,427.97 based on the intended resale value of $8.04 per jacket, less unincurred expenses of $414.27.

29.     Federal insured the Shipment during the aforesaid transportation and paid $174,427.97 to Garan for the insurance claim arising from the nondelivery, shortage and loss to the Shipment.

30.     Garan executed a subrogation receipt dated November 14, 2018 which states in relevant part that in consideration and to the extent of said payment Federal is subrogated to all rights, remedies, claims and interests against entities responsible for the subject loss.

31.     The payment by Federal took into account a $25,000.00 insurance policy deductible for which recovery is sought herein on behalf of Garan.

32.     Plaintiffs have performed all required conditions precedent and sue herein on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

33.     Each cause of action herein is pled in the alternative.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANTS APEX AND SETH SHIPPING**

**(Breach of Contract  and of Duties Under COGSA, 46 U.S.C. § 30701)**

34.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 of this complaint.

35.    Apex and Seth Shipping were carriers in accordance with Carriage of Goods by Sea Act § 4(5), Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701, and as identified as their respective bills of lading.

36.    The aforesaid nondelivery, shortage and loss to the Shipment was caused by (a) said defendants' breaches and violations of their nondelegable duties as common carriers; (b) their reckless failure to properly receive, load, secure, stow, weigh, carry, care for, discharge and deliver the subject cargo; (c) the unseaworthiness of the carrying vessels and containers; and (d) by other circumstances for which said defendants are liable to plaintiffs under the applicable statutory law, including the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, the general maritime law and the governing carriage contracts.

37.    As a proximate result of the foregoing, plaintiffs have sustained damages in the amount of $199,427.97, plus interest and costs,  for which defendants Apex and Seth Shipping are jointly and severally liable.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS APEX AND SETH SHIPPING**

**(Breach of Bailment Obligations)**

38.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 of this complaint.

39.    At the time  the aforementioned nondelivery, shortage and loss to the Shipment occurred Apex and Seth Shipping, together with the entities they hired to act on their behalf, were acting as  bailees of the Shipment and in their own capacity,  or through their contractors, agents, servants or sub-bailees, had duties to safely and properly keep, care for and deliver the Shipment in the same quantity, weight and good order and condition as when entrusted to them. Apex and Seth Shipping also had  duties to ensure that the services  provided for the Shipments were performed with reasonable care and in a non-negligent and workmanlike manner.

40.    Apex and Seth Shipping  breached their respective duties and obligations as bailees and negligently failed to deliver  part of the Shipment to the intended consignee.

41.    As a proximate result of the foregoing, plaintiffs have sustained damages in the amount of $199,427.97, plus interest and costs,  for which defendants Apex and Seth Shipping are jointly and severally liable.

### THIRD  CAUSE OF ACTION AGAINST
### DEFENDANTS APEX AND SETH SHIPPING

**(Negligence and/or Recklessness, and/or Willful Misconduct)**

42.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 of this complaint.

43.    At all material times Apex and Seth Shipping had duties to properly receive, load, secure, stow, weigh, carry, care for, discharge and deliver the subject cargo.

44.    The nondelivery, shortage and loss to the Shipment was caused by said defendants' negligence, recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants,  sub-carriers, participating carriers, subcontractors,

terminal operators, truck drivers, warehousemen and employees failed to properly handle, store, stow,  carry, protect and care for the Shipment.

45.      As a proximate result of the foregoing, plaintiffs have sustained damages in the amount of $199,427.97, plus interest and costs,  for which defendants Apex and Seth Shipping are jointly and severally liable.

**FOURTH  CAUSE OF ACTION**
**AGAINST DEFENDANTS APEX AND SETH SHIPPING**

**(False Bills of Lading)**

46.      Plaintiffs repeat and realleges the allegation in paragraphs 1 through 33 of this complaint.

47.      Apex and Seth Shipping issued bills of lading which, *inter alia*,  contained false representations as to the weight and quantity of the garments contained in each container.

48.      The representations in the Apex negotiable to order Combined Transport Bills of Lading bills of lading were relied on in the letter of credit transaction pursuant to which Garan purchased the Shipment for intended resale to its customer.

49.      As a proximate result of the foregoing, plaintiffs have sustained damages in the amount of $199,427.97, plus interest and costs,  for which defendants Apex and Seth Shipping are jointly and severally liable.

50.      Plaintiffs also seek recovery of reasonable attorneys fees from Apex and Seth Shipping under the general maritime law. *See Overseas Container Line Ltd. v. Crystal Cove Seafood Corp.,* 10 Civ. 3166 (PGG), 2012 WL 463927 at *15-16 (S.D.N.Y. 2012) (attorneys fees awarded to cargo claimant due to ocean carrier's bad faith in declining cargo damage claim despite the absence of a colorable defense to liability)

## FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT PIONEER

### (Breach of Motor Carrier Contract and Carmack Amendment, 49 U.S.C. § 14706 )

51.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 33 of this complaint.

52.     With respect to the post-ocean transportation  interstate road carriage of the Shipment from  Savannah to the place of intended final delivery to Garan,  defendant Pioneer was at all material times a receiving and/or delivering carrier under the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 14706).

53.     At the time of delivery by Pioneer to the consignee there was disarrangement of cargo inside the respective containers and a massive nondelivery, shortage and loss of 24,856 bomber jackets.

54.     The aforesaid nondelivery, shortage and loss to the Shipment was not caused by events which would constitute or give rise to a defense or exception to liability under the Carmack Amendment or contractual provision.

55.     As a proximate result of the foregoing, plaintiffs have sustained damages in the amount of $199,427.97, plus interest and costs,  for which defendant Pioneer is liable to plaintiffs as a carrier under the Carmack Amendment.

## SIXTH CAUSE OF ACTION
## AS TO  ALL IN PERSONAM DEFENDANTS

### (Conversion)

56.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 33 and 50 of this complaint.

57.    The nondelivery, shortage and loss to the Shipment was caused by the conversion of the missing goods to the use of defendants Apex, Seth Shipping, and/or Pioneer.

58.    As a proximate result of the foregoing, plaintiffs have sustained damages in the amount of $199,427.97, plus interest and costs,  for which defendants Apex, Seth Shipping, and  Pioneer are jointly and severally  liable to plaintiffs as a carrier under the Carmack Amendment.

WHEREFORE, plaintiffs demand judgment against defendants Apex Logistics International Inc.; Apex Logistics International (JFK) Inc.;  Seth Shipping (S) Ltd.; Seth Shipping (Mauritius) Ltd., and Pioneer Transport, Inc., jointly and severally,   in the amount of $199,427.97 plus incidental expenses, interest at the rate of 9% per annum, and the costs of this action and respectfully request that the Court issue its process against the aforesaid vessels *in rem*.   Plaintiffs respectfully request such other and further relief as warranted by justice, including but not limited to, an award of reasonable attorneys fees.

Dated:    New York, New York
            February 28, 2019

                          LAW OFFICE,
                          DAVID L. MAZAROLI

                           *s/David L. Mazaroli*
                          _____
                           David L. Mazaroli
                           Attorney for Plaintiffs
                           250 Park Avenue – 7th Floor
                           New York, New York 10177
                           Tel: (212)267-8480 Fax: (212)732-7352
                           e-mail: dlm@mazarolilaw.com

## SCHEDULE A

| | |
|---|---|
| Vessels and Voyages: | M/V OEL SHASTA, Voyage 2S |
| | M/V AGIOS DIMITRIOS, Voyage 2W |
| Containers: | FCIU8637459 and FSCU8219801 |
| Place of Receipt: | Chittagong, Bangladesh |
| Port of Loading: | Chittagong Port |
| Port of Discharge: | Savannah |
| Place of Delivery: | Chickasaw, Alabama |
| Apex Bills of Lading: | APSO18050021 and APSO18050002 dated May 3, 2018 |
| Seth Shipping Bill of Lading: | SSPHCGP8321926 dated May 9, 2018 |
| Pioneer Bills of Lading: | 41124-1 and 41124-2 |
| Nature of Cargo in Shipment: | 7885 cartons of bomber jackets (82,598 jackets) 358 cartons of fleece hoodies |
| Missing goods: | 24,856 bomber jackets (2182 cartons) |
| Resale value of goods: Invoice value FCA: | $8.04 per jacket $3.78 - $3.86 per jacket plus freight fees, duty, etc. |

Claim amount based on
fixed resale value:

24,856 bomber jackets @ $8.04/jacket =   $199,842.24
Less un-incurred expenses                            414.27
**Total:**                                        **$199,427.97**